Cuadrado-Barrera v. Blanche

BIA
Reid, IJ
A246 563 788/789

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

LIZBETH CAROLINA CUADRADO-BARRERA, S.N. S.-C.,

> *Petitioners,*

v.

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

> *Respondent.*\*

24-2266
NAC

_____

\* We use only initials to refer to the minor petitioner in this publicly accessible order, consistent with Fed. R. Civ. P. 5.2(a)(3) and Fed. R. App. P. 25(a)(5).  The Clerk of Court is respectfully directed to amend the caption as set forth above.

_____

FOR PETITIONERS:    Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:    Yaakov Roth, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation; Peter Gannon, Trial Attorney, Office of Immigration Litigation; Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Lizbeth Carolina Cuadrado-Barrera and her minor child, natives and citizens of Ecuador, seek review of a July 31, 2024, decision of the BIA affirming a March 19, 2024, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lizbeth Carolina Cuadrado-Barrera, et al.*, Nos. A246 563 788/789 (B.I.A. July 31, 2024), *aff'g* Nos. A246 563 788/789 (Immig. Ct. N.Y. City Mar. 19, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan*

2

*Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including a nexus determination, for substantial evidence. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The agency determined that Cuadrado-Barrera did not demonstrate that the abuse she suffered from her former partner had a nexus to a protected ground or that she would likely be tortured if she returned to Ecuador. An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also id.* § 1231(b)(3)(A), (C) (withholding); 8 C.F.R. §§ 1208.13(b), 1208.16(b). Contrary to Cuadrado-Barrera's assertions otherwise, the "one central reason" standard applies to both asylum and withholding of removal. *See Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022). The protected ground "cannot be a minor, incidental, or tangential reason for the harm." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022).

3

Cuadrado-Barrera does not meaningfully challenge the agency's dispositive nexus finding. She states that "[t]here is no challenge to the Immigration Court in the factual record," Petitioners' Br. at 5, and argues only that the BIA failed to cite precedent relevant to analyzing a claim based on domestic abuse. She states that she "clearly suffered persecution as a member of the class of Ecuadorian women unable to leave their relationships," *id.* at 9 (cleaned up), but she does not elaborate or cite facts to support her claim. Accordingly, Cuadrado-Barrera has abandoned review of the basis for the denial of asylum and withholding of removal by not presenting a sufficient argument. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming a claim abandoned where petitioner "devote[d] only a single conclusory sentence to the argument").

Like her asylum and withholding claims, Cuadrado-Barrera does not meaningfully address CAT relief and has therefore also abandoned review of that claim. *See Debique*, 58 F.4th at 684. Analysis of a CAT claim is a "two-step inquiry" that requires an applicant to establish that torture is "more likely than not" and that "sufficient state action . . . would be involved in [the applicant's] likely future

harm." *Garcia-Aranda*, 53 F.4th at 758–59. Cuadrado-Barrera cites one fact in support of her CAT claim—her testimony that her former partner was a "very, very aggressive person." Certified Administrative Record at 138. She also states that the agency erred in requiring her to show acquiescence to torture to state a CAT claim.

The fact that her partner was aggressive is insufficient to challenge the denial of CAT relief because a CAT applicant has the burden to show that future torture is "more likely than not." 8 C.F.R. § 1208.16(c)(2); *see Garcia-Aranda*, 53 F.4th at 758–59. And her challenge to the acquiescence requirement is unsupported and contrary to the regulations, which require either state action or torture "with the consent or acquiescence of[] a public official." 8 C.F.R. § 1208.18(a)(1). She argues that "the Ecuadorian government does not have to acquiesce, or condone, the commission of such harm: the Petitioners simply need to show that the Ecuadorian government would be unwilling or unable to assist." Petitioners' Br. at 13. The out-of-circuit case she relies on—*Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020)—does not address the acquiescence standard for CAT claims, and the unable-or-unwilling-to-protect standard that she says should apply is the standard for state action in the context of asylum and withholding of removal, *see Scarlett v. Barr*, 957 F.3d 316, 336 (2d Cir. 2020) (leaving it to BIA on remand to

determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture"); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of removal; the potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence.").

Finally, her unsupported statement that she "has no reason to believe the police would intervene," Petitioners' Br. at 14, does not compel a conclusion contrary to the agency's as there was no past torture or indication of future harm rising to the level of torture, given that she remained unharmed for the six years she remained in Ecuador after leaving her abuser. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled . . . [a] finding different from that reached by the agency.").

Given the defects in briefing reflected above by petitioners' counsel, Michael Borja, a copy of this order will be forwarded to the Grievance Panel.

6

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7